FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 2:19-CR-217-RMP-1 |
| Plaintiff, | |
| v. | PROTECTIVE ORDER AND ORDER GRANTING MOTION TO EXPEDITE |
| PHILIP MARION HARTHILL, | |
| Defendant. | |

BEFORE THE COURT is the Government's Unopposed Motion for Protective Order, ECF No. 17, and the accompanying Motion to Expedite, ECF No. 18. The Court has reviewed the record, the relevant law, and is fully informed.

18 U.S.C. § 3509(d) affords privacy protections to child victims and child witnesses. The Government moves for a protective order pursuant to 18 U.S.C. § 3509(d)(3)(B)(ii), which allows the Court to issue a protective order providing for any "measures that may be necessary to protect the privacy of the child" involved. Before issuing a protective order, the Court must determine that there is "a significant possibility" that disclosure in the matter "would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). Given the nature of this case, discovery requires disclosing private information of minors who are alleged to have bene victims of crimes of

sexual exploitation.  Disclosure of such discovery would be detrimental to the children involved.

Accordingly, **IT IS HEREBY ORDERED** that the Government's Motion for Protective Order, **ECF No. 17**, is **GRANTED**.  The terms of the Protective Order are set forth below.  The Government's accompanying Motion to Expedite, **ECF No. 18**, is **GRANTED**, for good cause shown.

## **PROTECTIVE ORDER**

**IT IS HEREBY ORDERED** that the privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case.  Therefore, all persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy protections of 18 U.S.C. §3509(d)(1) and (2) as follows:

(1) Confidentiality of Information:

(A)  A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

(i)  keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

PROTECTIVE ORDER AND ORDER GRANTING MOTION TO EXPEDITE ~ 2

(ii)     disclose documents described in clause (i) or the

information in them that concerns a child only to

persons who, by reason of their participation in the

proceeding, have reason to know such information.

(B) Subparagraph (A) applies to:

(i)     all employees of the Government connected with the

case, including employees of the Department of

Justice, any law enforcement agency involved in the

case, and any person hired by the Government to

provide assistance in the proceeding.

(ii)     employees of the court;

(iii)    the defendant and employees of the defendant,

including the attorney for the defendant and persons

hired by the defendant or the attorney for the

defendant to provide assistance in the proceeding;

and

(iv)    members of the jury.

(2) Filing under seal.  All papers to be filed in court that disclose the

name of or any other information concerning a child shall be filed

under seal without necessity of obtaining a court order.  The person

who makes the filing shall submit to the clerk of the court –

(A)     The complete paper to be kept under seal; and

(B)     The paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

**IT IS FURTHER ORDERED** that counsel shall remind all persons providing assistance on this case of these obligations.

**IT IS FURTHER ORDERED** that any alleged minor victim will be referred to by a pseudonym, as agreed upon by counsel for the United States and Defendant. Counsel shall be consistent in their use of the identifier selected.  The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using the agreed pseudonyms (e.g., "Jane Doe 1," "Jane Doe 2," etc.), rather than their names.

**IT IS FURTHER ORDERED** that all personal information relating to any minor victim shall be precluded from public disclosure.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 23, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

PROTECTIVE ORDER AND ORDER GRANTING MOTION TO EXPEDITE ~ 4