Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MARION HARTHILL<br><br>Defendant. | No. 2:19-CR-00217-RMP<br><br>Plea Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, and Defendant, Philip Marion Harthill ("Defendant"), both individually and by and through Defendant's counsel, Colin Prince, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to waive indictment and plead guilty to an Information Superseding Indictment that charges Defendant with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Defendant understands that the charge of Coercion and Enticement of a Minor, under § 2422(b), is a Class C Felony. Defendant also understands that penalties for this charge are the following: not less than 10 years of imprisonment, up to life; a fine not to exceed $250,000; a term of supervised release of not less than 5

Plea Agreement – 1

years, up to life; and a special penalty assessment of $100, in addition to registration as a sex offender. Pursuant to the Justice for Victims of Trafficking Act of 2015, the Court must impose an additional mandatory special assessment of $5,000, unless the Court finds Defendant to be indigent. Also, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court must impose an additional mandatory special penalty assessment of no more than $50,000.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a sentence of not less than 10 years, and not more than 20 years, in prison, to be followed by a term of supervised release, and agree to make sentencing recommendations to the Court consistent with that agreement. Outside of this Agreement, Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will ultimately impose. Defendant understands that the Court is required to consider the applicable Sentencing Guidelines range, but may depart upward or downward. Indeed, the parties understand and agree that the Court may have to depart

Plea Agreement – 2

from the applicable Sentencing Guidelines range in order to impose a sentence of 10-20 years.

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant understands that he may withdraw from this Plea Agreement if the Court imposes a term of imprisonment greater than 20 years. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 10 years. Defendant acknowledges that if either the United States or Defendant withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither the United States nor the Defendant are bound by any representations within it.

The United States and Defendant each acknowledge that the imposition of a special assessment, fine, restitution, and terms and conditions of supervised release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the parties are free to make any recommendation they deem appropriate as to the imposition of a special assessment, fine, restitution, and terms and conditions of supervised release; and that the Court will exercise its discretion with regard to the imposition of a special assessment, fine, restitution, and terms and conditions of supervised release. Defendant acknowledges that he may not withdraw from this Plea Agreement based on the Court's decisions regarding a special assessment, fine, restitution, or terms and conditions of supervised release.

3. <u>Waiver of Constitutional Rights:</u>

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.    The right to a jury trial;

    b.    The right to see, hear and question the witnesses;

    c.    The right to remain silent at trial;

    d.    The right to testify at trial; and

Plea Agreement – 3

   e. The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

4. <u>Effect on Immigration Status:</u>

Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if Defendant is not a citizen of the United States, no one, including Defendant's attorney or the District Court, can predict with absolute certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if automatic removal from the United States is a virtual certainty if Defendant is not a United States citizen.

5. <u>Elements of the Offense:</u>

The United States and Defendant agree that to convict Defendant of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), the United States would have to prove beyond a reasonable doubt the following elements and material facts:

*First*, between on or about July 9, 2019, and on or about August 16, 2019, in the Eastern District of Washington, Defendant knowingly used a means of interstate or foreign commerce to persuade, induce, entice, or coerce an individual to engage in sexual activity;

*Second*, the individual was under the age of 18; and

Plea Agreement – 4

*Third*, the sexual activity was such that any person could be charged with a criminal offense under federal or state law.

6. <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Homeland Security Investigations (HSI) Spokane received two investigative leads regarding Defendant. Microsoft, Inc. provided information that the user of Internet Protocol (IP) address 50.52.113.27 had transmitted an image of child pornography on January 12, 2019, using the Skype communication application. Agents viewed the image and confirmed it to be child pornography. Through the use of legal process, agents learned that the subscriber for IP address 50.52.113.27 was Philip Harthill, with account service at Defendant's Rosalia, Washington, address.

On June 11, 2019, an undercover (UC) officer from the United Kingdom Eastern Regional Special Operations Unit encountered Defendant (user "Phil22") via the Chat-Avenue website. During the ensuing communication between the two, Defendant stated he is attracted to girls aged ten (10) and up and expressed an interest in the UC's purported 10-year old daughter, also requesting pictures of her. Using the mobile messaging KIK application, Defendant (user "Phil Hart") sent the UC three (3) photos of young, naked girls. Agents viewed the images and confirmed that two of the images constitute child pornography.

On August 29, 2019, law enforcement agents executed a federal search warrant at Defendant's Rosalia residence, within the Eastern District of Washington. Agents seized several electronic devices, including an HP laptop computer, serial no.

Plea Agreement – 5

5CD44977CZ, all of which were manufactured, at least in part, outside of Washington State.

A forensic review of Defendant's HP laptop computer revealed 1,455 video files, and 531 image files, of child pornography. The images and videos included depictions of prepubescent minors and minors under the age of 12 engaged in sexually explicit conduct. One video is of Defendant and a minor female chatting via a social media website and depicts Defendant and the minor female side-by-side on a split screen. The video is approximately 11 minutes and 51 seconds in length. The minor is nude, sitting in front of a web camera, and appears to be typing on an off-screen keyboard. The minor types that she is 9 years old and lives in Germany. Defendant is heard telling the minor numerous times that she is beautiful and asking to see her "kitty." The minor responds by spreading her legs, exposing her vagina to the camera, and masturbating.

After being advised of his rights pursuant to *Miranda*, Defendant admitted to an interest in child pornography for approximately five years, since his wife died, and said he had downloaded and used MegaLinks in order to trade child pornography material with others during that time. Defendant admitted he had sexual images and videos of underage girls ranging in age from approximately 2 years old to 15 years old on his computer and indicated weekly viewing of a particular video of an approximately 8-year-old girl having sexual intercourse with an adult male.

Defendant further informed investigators that he used various websites and applications, including KidsChat, Skype, and Kik, to communicate with underage girls ranging in age from 12 years old to 15 years old. Defendant stated he sometimes would portray himself as being 19 years of age while communicating online with underage girls and that the communication was of a sexual nature. Defendant described communications with a specific minor female who said she was 12 years old, wherein he sent the minor photos of his penis in exchange for topless photos of the minor.

Plea Agreement – 6

The child pornography files Defendant possessed on his devices were submitted to the National Center for Missing and Exploited Children for victim identification; NCMEC identified 133 known Series of child pornography.

Defendant admits that he used the Internet, a means and facility of interstate and foreign commerce, to knowingly persuade, induce, and entice a minor to engage in sexual activity, and that the sexual activity was such that he could be charged with additional federal and state crimes, including but not limited to a violation of R.C.W. § 9.68A.040(1)(b), Sexual Exploitation of a Minor.

7.  Dismissal of Charges:

The United States Attorney's Office for the Eastern District of Washington agrees to dismiss Counts 1-4 of the Indictment at sentencing, unless Defendant breaches this Plea Agreement.

8.  United States Sentencing Guideline Calculations:

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

   a.  Base Offense Level:

The United States and Defendant agree that the base offense level for Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) is 28. *See* U.S.S.G. § 2G1.3(a)(3).

   b.  Specific Offense Characteristics:

The United States and Defendant agree that the base offense is increased by two levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce the minor to engage in prohibited sexual conduct. *See* U.S.S.G. §2G1.3(b)(3).

The United States and Defendant agree that the offense level is further increased by an additional eight levels because the offense involved a minor under the age of 12. *See* U.S.S.G. §2G1.3(b)(5).

Plea Agreement – 7

The parties make no agreement about the applicability of any other specific offense characteristic adjustments.

      c.    <u>Acceptance of Responsibility</u>:

If Defendant clearly accepts responsibility for the offense, Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) Defendant has timely notified authorities of Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, Defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

      d.    <u>Criminal History</u>:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

Plea Agreement – 8

9. <u>Incarceration:</u>

Consistent with the terms of this Rule 11(c)(1)(C) agreement, the United States agrees to recommend a prison sentence no greater than 20 years.

Also consistent with the terms of this Rule 11(c)(1)(C) agreement, the Defendant agrees to recommend a prison sentence of no less than 10 years.

10. <u>Supervised Release:</u>

The parties acknowledge a mandatory term of at least five years of supervised release. The United States and Defendant agree to recommend the following conditions of Supervised Release, in addition to the standard conditions of supervised release and the special conditions of supervised release that are imposed in all child sex offender cases in this District:

   a. Defendant shall not have any contact with any child under the age of 18 outside the immediate presence of an adult and approved in advance by the Probation Officer. Defendant shall not have any contact or communications of any kind with any child via telephone, the Internet, or any social media platform. Defendant shall immediately report to the Probation Officer any unauthorized contact with anyone under 18 years old.

   b. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

   c. Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide

Plea Agreement – 9

        each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition when reasonable suspicion exists that Defendant has violated a condition of supervision and that the accounts to be searched contain evidence of this violation.

    d.    Defendant shall allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer with the ability to access to the Internet, and any personal computing device with the ability to access the Internet that Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. Defendant shall not possess or use any data encryption technique or program. Defendant shall purchase and use such hardware and software systems that monitor Defendant's usage of any computer that has the ability to access the Internet, if so directed by the Probation Officer.

    e.    Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades.

    f.    Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material

         including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, or strip clubs. Defendant shall not use any sex-related adult telephone number, Internet access, or social media platform. Defendant shall provide to the Probation Officer all of Defendant's telephone and Internet records to monitor compliance, at the direction of the Probation Officer.

    g.    Defendant shall register as a sex offender, according to the laws of each state in which Defendant resides, is employed, or is attending school. Defendant shall provide verification of compliance with this requirement to the Probation Officer.

    h.    Defendant shall complete a sex offender evaluation, which may include periodic psychological, physiological, and polygraph testing, and completion of the ABEL assessment, at the direction of the Probation Officer.

    i.    Defendant shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

11.   <u>Criminal Fine:</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

Plea Agreement – 11

Defendant acknowledges that payment of restitution to his victims is mandatory, but reserves the right to contest the amount of restitution to be imposed.

12. <u>Mandatory Special Penalty Assessment:</u>

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Defendant agrees that pursuant to the JVTA, the Court shall impose an additional mandatory special assessment of $5,000, absent a judicial finding of indigence.

Defendant agrees that pursuant to the AVAA, the Court shall also impose, in addition to any other criminal penalty, restitution, or special assessment authorized by law, an additional assessment of up to $50,000, as set forth in 18 U.S.C. § 2259A.[1] Defendant also understands and agrees that pursuant to 18 U.S.C. § 2259A(c), in determining the amount of the AVAA assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

Neither party may withdraw from the Plea Agreement based on the ultimate special penalty assessment(s) imposed.

13. <u>Payments While Incarcerated:</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

---

[1] For purposes of 18 U.S.C. § 2259A, the term "child pornography production" includes "any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256)." 18 U.S.C. § 2259(c)(1).

Plea Agreement – 12

14. <u>Restitution</u>:

The United States and Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2259, 3663A, and 3664. Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport with Defendant's relative role in the causal process that underlies the general losses of the victims. *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

The United States and Defendant hereby stipulate and agree, that pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of the victims' losses. The parties further agree that, pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259(b)(2) ("AVAA"), the Court shall order restitution for the full amount of the victims' losses in an amount that reflects Defendant's relative role in the causal process that underlies the victims' losses, but which is no less than $3,000 per victim.

For purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual(s), and/or medical provider who provided medical services and/or funds related to the treatment of the victims.

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing counts and/or agreeing to not bring additional charges, Defendant voluntarily agrees to pay restitution to all victims of the child pornography transported, distributed, received, and possessed by Defendant detailed in the discovery received through the date of the instant Agreement, whether or not the Defendant enters a plea of guilty to such counts, and whether or not such counts are foregone pursuant to this agreement. Defendant agrees that such victims shall be

Plea Agreement – 13

entitled to restitution as if the AVAA applied to all Defendant's conduct and agrees that the Court should order restitution in an amount that reflects Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

The United States and the Defendant further agree to the following:

a. <u>Restitution Amount and Interest</u>

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing, but which is not less than $3,000 per victim. Defendant reserves the right to challenge a restitution amount greater than $3,000 per victim. The United States and Defendant agree that interest on this restitution amount, if any, should be waived.

b. <u>Payments</u>

To the extent that the Court orders restitution, the United States and Defendant agree that the Court will set a restitution payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

c. <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified

Plea Agreement – 14

exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, parent, nominee, or third party. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

    d.   Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable. Neither party may withdraw from the Plea Agreement based on the ultimate amount or restitution ordered.

    15.   Judicial Forfeiture:

Defendant, Philip Marion Harthill, agrees to voluntarily forfeit and relinquish all right, title and interest in the assets identified in the Information Superseding Indictment and listed herein, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to:

    a.   HP laptop computer, Model: 15, serial no. 5CD44977CZ;

    b.   Samsung hard drive, Model: ST1000LM024, serial no. S2WZJ90CB30613;

    c.   Infinitive 16GB thumb drive, serial no. BL180326650B;

Plea Agreement – 15

    d.  LG cellular phone, Model L83BL, serial no. 709CYUK088046;

    e.  LG cellular phone, Model LG505C, serial no. 206CYCV0169739; and

    f.  ZTE cellular, Model Z6655C, serial no. 327B4097504B

  Defendant stipulates that he is the sole owner of the assets identified herein and that no one else has an interest in the assets.

  Defendant acknowledges that the assets listed above that Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2428(a)(1), as property that was used or intended to be used to commit or to facilitate the commission of a violation of Coercion and Enticement of a Minor as alleged in the Information Superseding Indictment to which Defendant is pleading guilty. Defendant agrees to take all steps as requested by the United States to pass clear title to the asset(s) to the United States. Defendant hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, and to testify truthfully in any forfeiture proceeding.

  Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

  Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets he is agreeing to forfeit.

  Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

Plea Agreement – 16

16. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights and Collateral Attack:</u>

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Acknowledging this, Defendant expressly waives the right to appeal his conviction and any sentence of incarceration which comports with the terms of this Rule 11(c)(1)(C) agreement, and any order of restitution not greater than the total of $3,000 per victim identified by NCMEC as referenced in this Plea Agreement. Defendant further expressly waives the right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence. Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction on the Indictment be set aside, vacated, or reversed as a result of an appeal or upon a motion pursuant to 28 U.S.C. § 2255, this Plea Agreement shall become null and void and the United States may prosecute Defendant on all available charges involving or arising from the conduct described above. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

Plea Agreement – 17

18. <u>Notice of Sex Offender Registration:</u>

Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant agrees that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Washington State following release from prison, he will be subject to the registration requirements of RCW §9A.44.130. Defendant further understands that, under 18 U.S.C. §4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration of the state of his release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

19. <u>Integration Clause:</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot

Plea Agreement – 18

bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____      4/19/22
Ann T. Wick                                              Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

Philip M. Harthill                                      4-19-2022
Philip Marion Harthill                              Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to

//

//

Plea Agreement – 19

plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  4/19/22
Colin G. Prince                  Date
Attorney for Defendant

Plea Agreement – 20