Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

PHILIP MARION HARTHILL,

          Defendant.

Case No.: 2:19-CR-217-RMP

United States' Sentencing Memorandum

    Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits this memorandum setting forth the government's position at sentencing. In accordance with the terms of the Rule 11(c)(1)(C) Plea Agreement, ECF No 89, the United States recommends that the Court sentence Defendant to a term of imprisonment of 20 years, followed by a life term of supervised release.

United States' Sentencing Memorandum – 1

# INTRODUCTION

If the Court accepts the Rule 11(c)(1)(C) Plea Agreement, the Court must sentence Defendant to a prison term of not less than 10, nor more than 20, years. ECF No. 89. The Court must impose a term of supervised release of not less than five years, up to life. The Court may also impose up to a $250,000 fine, in addition to special assessments under 18 U.S.C. §§ 2259A, 3013, and 3014(a)(4).

The United States agrees with the procedural history and offense conduct summarized in paragraphs one through 23 of the initial Presentence Investigation Report (hereinafter "PSR"). ECF No. 93. The United States also agrees with the sentencing calculations presented in the PSR. Neither party filed objections.

# LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1)  Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2)  Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

United States' Sentencing Memorandum – 2

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION AND IMPOSITION OF SENTENCE

### I. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

#### A. Offense Level Calculation

The PSR correctly calculated the defendant's total offense level as 37. PSR ¶ 49.

#### B. Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as Category I. PSR ¶ 54.

#### C. Advisory Guideline Range

Based upon a total offense level of 37 and a criminal history category of I, the advisory guideline imprisonment range is 210 to 262 months. PSR ¶ 89.

United States' Sentencing Memorandum – 3

## II. Departures

The United States does not recommend a departure from the advisory guideline range.

## III. Imposition of a Sentence under 18 U.S.C. § 2422(b)

### A. 18 U.S.C. § 3553(a) factors

#### 1. The nature and circumstances of the offense

For approximately five years, Defendant engaged in a variety of online, sexually exploitative activities involving minor children, including but not limited to viewing and trading child pornography. His activity was such that it was flagged not once, but twice, for law enforcement's further investigation. As documented in the plea agreement (ECF No. 89), Defendant came to the attention of Homeland Security as the result of Defendant transmitting an image of child pornography via Skype and – separately – engaging in several communications with an undercover officer from the United Kingdom about Defendant's sexual interest in minors and particularly the undercover officer's purported 10-year old daughter. ECF No. 89 at 5. During the communications, Defendant stated that he was attracted to girls aged ten and up and told the undercover officer that his daughter was "HOT," "so sexy," and "so hot" and repeatedly requested pictures of her. Search Warrant Affidavit, EDWA Case No. 2:19-mj-487-JTR, ¶¶ 9-11. He said that he would masturbate to the requested pictures. *Id*. at ¶ 10. After representing that he had pictures of young

United States' Sentencing Memorandum – 4

girls, including nudes, Defendant sent the undercover officer three images depicting nude girls, approximately seven to nine years old, two of which constitute child pornography by federal definition. *Id*. at ¶¶ 9-10.

The subsequent forensic review of Defendant's HP laptop computer revealed 1,455 video files, and 531 images, of child pornography. PSR ¶ 21. The images and videos included depictions of prepubescent minors and minors under the age of 12 engaged in sexually explicit conduct. ECF No. 89 at 6. The video at the center of Defendant's Coercion and Enticement conviction is of Defendant and a minor female chatting via a social media website and depicts Defendant and the minor female side-by-side on a split screen. *Id*.; PSR ¶ 21. During the nearly 12-minute video, the minor – who represents that she is 9 years old – is nude, sitting in front of a web camera, and Defendant tells the minor numerous times that she is beautiful asks to see her "kitty." *Id*.; PSR ¶ 21. The minor responds by spreading her legs, exposing her vagina to the camera, and masturbating. *Id*.; PSR ¶ 21.

In a post-*Miranda* interview, Defendant admitted to possessing child pornography images and videos of underage girls ranging from 2 to 15 years old. PSR ¶ 18. He further admitted to trading child pornography and to watching weekly, for the previous six months, a particular video of an eight-year-old girl being raped by an adult male. PSR ¶ 18. Alarmingly, Defendant further informed investigators that he used various websites and applications, including KidsChat, Skype, and Kik,

United States' Sentencing Memorandum – 5

to communicate with underage girls ranging in age from 12 to 15 years old, sometimes portraying himself to be 19. PSR ¶ 19. He admitted to sending photos of his penis to a minor he understood to be 12, in exchange for topless pictures of the girl. *Id*.

The nature and circumstances of Defendant's offense warrants a sentence of 20 years, followed by a life-term of supervised release.

### 2. The history and characteristics of the defendant

Defendant's history and characteristics also support a sentence of 20 years and life supervision. Defendant is sexually attracted to prepubescent minors and has done more than obtain child pornography to satisfy his sexual interest. He has communicated with real-life minors, traded images of his penis for topless pictures, and directed a young girl via video to show him her genitalia. He has solicited a person he believed was a dad to a 10-year old girl, for pictures of the child. By his own account, he progressed from viewing adult pornography to this troubling conduct in less than five years. Despite his age, he victimized a significant number of minors in a relative short period of time, and showed no signs of stopping on his own. Even as the search warrant in the case was executed in the early morning hour, Defendant was at his computer, viewing a kid's chat website, actively texting in a chatroom on kidschat.net. *See* ECF No. 58 at 3.

United States' Sentencing Memorandum – 6

Although Defendant has zero criminal history points, he committed child pornography offenses for years before being caught. PSR ¶ 18. In lacking criminal history, Defendant merely places himself in the "heartland of child pornography defendants." *See United States v. Turman*, No. CR 18-51-M-DLC, 2018 WL 4690803, at *3 (D. Mont. Sept. 28, 2018) ("A lack of criminal history does not distinguish Turman but merely places him in the 'heartland' of child pornography defendants.") (internal citation omitted).

A 20-year prison sentence and a life term of supervised release of takes all of Defendant's personal characteristics and history into account.

> 1. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

Crimes involving the sexual exploitation of a minor child are among the most serious and reprehensible crimes that can be committed. Just within the child pornography images and videos Defendant possessed on his computer, a minimum of 133 victims were identifiable by the National Center for Missing and Exploited Children. These are in addition to the little girl victimized by Defendant via video chat, and do not include victims that have not yet been identified by law enforcement. A sentence of 20 years, followed by a life term of supervised release recognizes the seriousness of this criminal conduct, promotes respect for the law, and is just punishment.

United States' Sentencing Memorandum – 7

### 2. The need for the sentence imposed to afford adequate deterrence and to protect the public.

A prison sentence of 20 years, followed by a life term of supervised release protects the public and serves the goal of general and specific deterrence. The public is protected from Defendant's crimes while he is serving a custodial sentence and hopefully beyond, if he is successfully deterred from criminal activity by his sentence and takes advantage of rehabilitative programs and tools offered while in custody and upon release. Such a sentence also puts other offenders on notice of the strict consequences that flow from victimizing our youth.

### 3. The kinds of sentences available

Pursuant to the Rule 11(c)(1)(C) Plea Agreement, if accepted by the Court, the Court may sentence Defendant to a term of prison of no more than 20, and no less than 10, years, followed by a term of supervised release of not less than five years. ECF No. 89.

### 4. The established sentencing range

Based upon a total offense level of 37 and a criminal history category of I, the advisory guideline imprisonment range is 210-262 months. PSR ¶ 89.

### 5. The need to avoid unwarranted sentence disparities

The government's recommended sentence would not result in a sentencing disparity.

United States' Sentencing Memorandum – 8

6. <u>The need to provide restitution to any victims of the offense</u>

Both statute and the Plea Agreement require restitution be paid in an amount of not less than $3,000 per victim. As of the filing of this Memorandum, 10 Series victims identified by the National Center for Missing and Exploited Children have provided restitution request materials. The greatest amount requested comes from a victim, of whom Defendant possessed 124 images, requesting $77,867.63. The parties may need additional time beyond sentencing to come to an agreement as to the amount of restitution to be ordered.

B. <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(a)</u>

The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id*. at 108-09 (internal quotation marks omitted). Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id*. (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

United States' Sentencing Memorandum – 9

The government's recommended sentence is within the advisory guideline range.

### IV.     $5,000 Special Assessment of the JVTA

The United States does not seek the imposition of a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). Defendant is indigent for the purposes of imposing a JVTA assessment.

### V.     $50,000 Special Assessment of the AVAA

In light of the requests for and expected order of restitution and Defendant's present and future ability to pay, the United States does not seek the imposition of assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA).

### CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 20 years, followed by a life term of supervised release for Defendant's crime. The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

///

///

///

United States' Sentencing Memorandum – 10

Respectfully submitted: July 26, 2022.

Vanessa R. Waldref
United States Attorney

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

United States' Sentencing Memorandum – 11